IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

    Plaintiff,

vs.

FRANK SKRAH, GERALD WARREN, and
KLAMATH COUNTY SHERIFF
DEPARTMENT,

    Defendants.

Case No. 1:17-cv-00738-CL
**ORDER**

AIKEN, Judge:

On June 19, 2017, Magistrate Judge Clarke filed his Report and Recommendation ("R&R") (doc. 18), recommending this Court dismiss with prejudice the complaint in this case on the grounds of claim preclusion and failure to state a claim. The R&R is now before me pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. I review *de novo* those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004). I find no error in Judge Clarke's reasoning and agree that plaintiffs' claims must be dismissed. I therefore ADOPT Judge

Page 1 – ORDER

Clarke's R&R (doc. 18), subject to the caveat discussed below, and GRANT defendants' Motion to Dismiss (doc. 12).

Judge Clarke recommended the imposition of a Rule 11 sanction against plaintiff: a pre-filing order requiring review of all filings related to the removal of his cats from his home on June 15, 2015. Judge Clarke based that recommendation on the numerous lawsuits plaintiff has filed related to that incident, finding that plaintiff "'has clearly shown . . . that, unless enjoined, he will continually attempt to renew his conflict' with Klamath County and its employees." R&R 11 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). In his objections to the R&R, plaintiff argues that any such pre-filing order is unnecessary because he is aware that any future claims arising from the June 15, 2015, seizure of his cats would be time-barred by the two-year statute of limitations. Although I agree with defendants that the sanctions recommended by Judge Clarke are "minimal and proportionate to plaintiff's conduct," Defs.' Resp. Pl.'s Obj. R&R 5, I nonetheless decline to impose any sanction at this time. Instead, I take plaintiff at his word that he will respect the statute of limitations.

IT IS SO ORDERED.

Dated this 8 day of August 2016

Ann Aiken
United States District Judge