IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JOHN H. TODD,

    Plaintiff,

vs.

FRANK SKRAH, GERALD WARREN, and
KLAMATH COUNTY SHERIFF
DEPARTMENT,

    Defendants.

Case No. 1:17-cv-00738-CL
**OPINION AND ORDER**

---

AIKEN, Judge:

Plaintiff John H. Todd seeks reconsideration of my August 8, 2017 order adopting the Report and Recommendation of Magistrate Judge Clarke and granting defendants' motion to dismiss this action on the grounds of claim preclusion. Plaintiff seeks reconsideration within twenty-eight days of the judgment, so his motion is proper under Federal Rule of Civil Procedure 59(e). A motion under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

Plaintiff's motion is based on the "newly discovered evidence" prong of the test. He cites the transcript of an August 31, 2017 hearing in Marion County Circuit Court, in which attorneys for the Oregon Department of Justice ("Oregon DOJ") took the position that animal control officers are not within the jurisdiction of the Department of Public Safety Standards and Training ("DPSST"), the body with regulatory jurisdiction over police officers. Plaintiff contends that his claims against Klamath County should proceed because the transcript supports his argument that the seizure of his cats was in violation of provisions of Oregon law prohibiting anyone who is not a police officer from obtaining or executing a warrant.

The Department of Justice's position on this issue does not constitute newly discovered evidence for the purposes of Rule 59(e). Plaintiff has argued throughout this lawsuit—and throughout related proceedings—that the animal control officers who seized his cats lacked authority to obtain or execute the warrant under Oregon law because they are not police officers. The hearing transcript demonstrates that the Oregon DOJ agrees that the animal control officers are not police officers with respect to DPSST's jurisdiction. But that is not the same question as whether animal control officers have legal authority to obtain and execute warrants to seize cats, an issue on which the Oregon DOJ expressed no opinion at the hearing. Judge Clarke did not address whether DPSST has regulatory authority over animal control officers. The hearing transcript therefore has no effect on Judge Clarke's conclusion, which I adopted, that claim preclusion bars plaintiff's claims in this lawsuit.

One of the lawsuits that precludes plaintiff's claims here is *Todd v. McMahn*,[1] 2016 WL 6650841 (D. Or. Nov. 9, 2016). In that case, which also involved the seizure of plaintiff's cats,

---

[1] Although the correct spelling of the lead defendant's name is "McMahon," the district court case is captioned "McMahn" due to the spelling used in the complaint. *Todd*, 2016 WL 6650841 at n.1.

Judge McShane entered summary judgment against plaintiff. *Id.* at *4. On appeal, plaintiff argued that the animal control officers who seized his cats lacked authority to obtain or execute the warrant under Oregon law. After the instant motion was fully briefed, the Ninth Circuit affirmed Judge McShane's entry of summary judgment, specifically rejecting the argument plaintiff seeks to revive here:

> Summary judgment on Todd's Fourth Amendment claim was proper because Todd failed to raise a genuine dispute of material fact as to whether defendant McMahon was not authorized to obtain the warrant. *See* Or. Rev. Stat. § 167.345(2) ("[A] peace officer, after obtaining a search warrant . . . may enter the premises or motor vehicle where the animal is located to provide the animal with food, water and emergency medical treatment and may impound the animal."); Or. Rev. Stat. § 161.015 (defining a "[p]eace officer" as a member of the Oregon State Police, sheriff, or reserve officer); Or. Rev. Stat. § 204.635 (providing that sheriff may appoint deputies and may also by special written appointment authorize any other person to do any particular act).

*Todd v. McMahon*, 698 F. App'x 535, 535–36 (9th Cir. 2017) (unpublished). The Ninth Circuit's memorandum underscores why preclusion bars plaintiff's claims in this case—the appellate court has already ruled on precisely the same argument plaintiff seeks to advance here.

Plaintiff's motion for reconsideration (doc. 25) is DENIED.

IT IS SO ORDERED.

Dated this 21 day of November 2017.

_____
Ann Aiken
United States District Judge